IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3090 |
| | ) | |
| v. | ) | |
| | ) | |
| TYREECE JAMAR JSAMES, | ) | MEMORANDUM AND ORDER |
| KEVIN JARZELL MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Kevin Jarzell Moore has filed a "Motion to Dismiss Indictment or in the Alternative, Motion to Transfer to The Juvenile Jurisdiction of the District Court." (Filing No. 16). The defendant claims the indictment should be dismissed because the acts charged occurred when defendant Moore was a juvenile and they were likely charged and adjudicated in the separate juvenile court of Lancaster County, Nebraska. (Filing No. 16, at CM/ECF p. 3, ¶ 6). He further claims that pursuant to the Juvenile Delinquency Act ("JDA"), 18 U.S.C. §§ 5031 et seq., the court should proceed against him under its juvenile court jurisdiction. (Filing No. 16, at CM/ECF p. 3, ¶ 8). The defendant's motion will be denied.

The defendant was born in February 1989, and is now twenty years old. (Filing No. 7, at CM/ECF p. 1). The indictment, filed on July 22, 2009, alleges that from March 1, 2005 through October 31, 2008, defendant Moore and co-defendant Tyreece Jamar Jsames conspired to distribute and possess with intent to distribute cocaine. Filing No. 1.

The JDA defines a "juvenile" as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday. . . ." 18 U.S.C. § 5031. "Juvenile delinquency" is defined as "the violation

of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." Id.

In March of 2005, defendant Moore was sixteen years old; by October 2008, he was nineteen years old. In other words, defendant is charged with a conspiracy that began when he was a juvenile (under eighteen), but continued after he turned eighteen.

> It is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday. The JDA does not prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor.

U.S. v. Wong, 40 F.3d 1347, 1365 (2d Cir. 1994) (collecting cases). "[C]onspiracy is a continuing crime," and "[o]nce it has been established that a defendant's participation in a conspiracy continued after his eighteenth birthday, then he may be tried as an adult."  U.S. v. Flores, 572 F.3d 1254, 1269 (11th Cir. 2009).

Although defendant Moore was a minor when he allegedly began to participate in illegal drug activity, the indictment charges he was engaged in a drug conspiracy after reaching the age of eighteen. The pending federal drug conspiracy charge was not previously adjudicated in the separate juvenile court of Lancaster County, Nebraska. Accordingly,

IT IS ORDERED that defendant Moore's Motion to Dismiss Indictment or in the Alternative, Motion to Transfer to The Juvenile Jurisdiction of the District Court, (filing no. 16), is denied.

September 14, 2009.                          BY THE COURT:
                                             *Richard G. Kopf*
                                             United States District Judge