IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3090 |
| | ) | |
| v. | ) | |
| | ) | |
| TYREECE JAMAR JSAMES, | ) | MEMORANDUM AND ORDER |
| KEVIN JARZELL MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Kevin Jarzell Moore has filed a motion to reconsider, (filing no. 23), the court's ruling denying his Motion to Dismiss Indictment or in the Alternative, Motion to Transfer to The Juvenile Jurisdiction of the District Court. Citing U.S. v. Ramirez, 297 F.3d 185, 191 (2d Cir. 2002), the defendant claims the court's prior memorandum and order misinterpreted the law.

The defendant argues that since some of the criminal acts charged in the indictment were allegedly committed before the defendant turned eighteen, the provisions of the Juvenile Delinquency Act ("JDA"), 18 U.S.C. §§ 5031 et seq., are applicable unless legal proceedings are instituted after he turns twenty-one. Since he is only twenty, the defendant claims the JDA applies to this case, and dismissal or transfer to the court's juvenile jurisdiction is required.

As applied to the indictment against defendant Moore, the underlying question is whether the defendant has been charged with "juvenile delinquency," a crime committed while a juvenile. This question was not raised or addressed in Ramirez.[1]

---

[1] Ramirez discussed two defendants: John Doe #2 and Manuel Gonzalez. As to Doe #2, "[t]he juvenile information filed . . . charged him with ten acts of juvenile delinquency occurring between 1994 and 1999, including armed robbery, kidnapping, murder, racketeering, and the possession and distribution of powder and crack

As stated in Ramirez, "[t]he JDA's juvenile proceeding and adult transfer provisions . . . apply in cases where a defendant commits a crime before his or her eighteenth birthday and is under twenty-one at the time the juvenile information charging the crime is filed." Ramirez, 297 F.3d at 191. Defendant Moore was indicted on a charge of engaging in an illegal drug conspiracy, with the predicate acts of that crime allegedly occurring both before and after he turned eighteen. Filing No. 1. Conspiracy is a continuing crime. "[A] conspirator commits the crime each day that he remains a member of the conspiracy. Thus, an eighteen-year-old who continues to participate in a conspiracy after his eighteenth birthday commits an act in violation of law after his birthday." U.S. v. Maddox, 944 F.2d 1223, 1233 (6th Cir. 1991). "By its terms, the JDA does not apply to a person who commits a federal offense on or after the age of eighteen. . . ." Ramirez, 297 F.3d at 191. Thus, "one who enters a conspiracy prior to his eighteenth birthday can be tried as an adult if he continues in the conspiracy after that time." Maddox, 944 F.2d at 1233.

For the reasons set forth herein, and in the court's prior memorandum and order (filing no. 22),

IT IS ORDERED that defendant Moore's motion to reconsider, (filing no. 23), is denied.

September 23, 2009.   BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

cocaine." Ramirez, 297 F.3d at 188. As to Gonzalez, "[t]he juvenile information filed . . . charged him with eleven acts of juvenile delinquency between 1994 and 1998, including charges of racketeering, murder, attempted murder, kidnapping, Hobbs Act robbery, and using and carrying firearms in relation to crimes of violence." Ramirez, 297 F.3d at 189. As to both defendants, the government certified they were "juvenile[s] as defined by 18 U.S.C. § 5031." Ramirez, 297 F.3d at 188-89.