IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3090 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| TYREECE JAMAR JSAMES, and | ) | |
| KEVIN JARZELL MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Kevin Jarzell Moore has filed a motion for bill of particulars which sets forth: 1) the dates, places, and description of defendant Moore's alleged participation in any and all criminal acts underlying the indictment, and 2) the names of any unindicted co-conspirators the government plans to use as witnesses at trial. Filing No. 39. The indictment alleges:

> From an unknown date but at least as early as March 1, 2005, up to and including October 31, 2008, in the District of Nebraska, TYREECE JAMAR JSAMES, a/k/a Sauce and KEVIN JARZELL MOORE, a/k/a Slap, a/k/a KP, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (i.e. "crack cocaine"), and a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, Schedule II controlled substances in violation of Title 21 United States Code, Sections 841 (a)(I), 841(b)(I) and 841 (b)(I)(A)(iii).

Filing No. 1.

Defendant Moore acknowledges he was charged and sentenced for possession with intent to deliver a controlled substance by the separate Juvenile Court of Lancaster County, Nebraska in September 2006. Defendant Moore claims, however, that he

committed no criminal act after reaching the age of majority, and he is requesting a bill of particulars to disclose the exact dates and times of the transactions he is alleged to have committed after February 21, 2007, when he turned eighteen. Filing No. 40, at p. 4.

The defendant claims a bill of exceptions would clarify the issues for both the plaintiff and defendant, thereby allowing both parties to focus on the alleged transactions underlying the federal criminal charges.

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 576 F.3d 881 (8th Cir. 2009).

The government opposes the motion for bill of particulars, stating it has already provided extensive Rule 16, Brady and "Jencks Act" materials, and these previously disclosed documents afford defendant Moore with adequate notice of the charges and a full and fair opportunity to prepare a defense. The government's brief describes at least four alleged transactions involving defendant Moore occurring after February 21, 2007, listing the co-conspirator names, dates, and amount of crack cocaine purchased for each such transaction. The government's brief further states the documents provided to defense counsel identify:

- the individuals with whom Kevin Moore allegedly conspired to distribute crack cocaine;

- the time frame of these associations;

- the amounts of drugs involved;

- the parties involved;

- who sold versus who bought illegal drugs;

- the locations of sales;

- information provided by cooperating witnesses regarding the conspiracy;

- the defendant's involvement in the transactions;

- the details of incidents that occurred in 2006 when Kevin Moore was twice caught in possession of crack when contacted by law enforcement; and

- the identity of witnesses, any nicknames, their plea agreements and their criminal history.

Filing No. 52, at CM/ECF pp. 6, 8. The government states "[a]ny additional information that the government obtains, including any further details or specifics, will be disclosed to the defendant before trial." Filing No. 52, at CM/ECF p. 8.

Under the circumstances and assurances described in the government's brief, the defendant is not entitled to a bill of particulars. Livingstone, 576 F.3d at 883 (denying the defendant's motion for bill of particulars where "the government explained its theory of the case, noted that it had already provided [defendant] with considerable discovery, including the names of its witnesses, and stated that it would disclose more information about the witnesses before trial.").

Accordingly,

IT IS ORDERED that defendant Moore's motion for bill of particulars, (filing no. 52), is denied.

December 28, 2009.                    BY THE COURT:
                                      *Richard G. Kopf*
                                      United States District Judge