IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR03090 |
| | ) | |
| V. | ) | |
| | ) | |
| TYREECE JAMAR JSAMES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's Motion to Determine Case as Complex and Extensive and for Leave to Expand Funds for an Investigation (filing no. 81). For the reasons set forth below the defendant's motion is granted in part and denied in part.

**Motion for Funds for Investigation and Services**

The defendant has been charged with conspiracy to distribute and possess with intent to distribute 50 grams a mixture or substance containing cocaine base and a mixture or substance containing a detectable amount of cocaine pursuant to 21 U.S.C.A. §§ 841(a)(1), (b)(1) and (b)(1)(A)(iii). The defendant's court appointed counsel ("Counsel") has requested court approval for expenditures he believes are necessary to provide the defendant effective assistance of counsel.

Specifically, Counsel is requesting the following: (1) the approval for the payment of a copy of the trial transcripts of a cases 4:09cr3091 and 4:09cr3092, (2) the approval of the expense of hiring a licensed private investigator to obtain records and information regarding the defendant's alleged presence in Colorado during the period of time at issue in

the indictment[1] and (3) the expenditure of funds to obtain a temporary clerical assistant to assist Counsel with the collation and organization of voluminous transcripts, proffers, and investigative reports.

Under 18 U.S.C.A. § 3006A(e) the court may authorize payment for investigative services or other services necessary for adequate representation. The court may also approve payment for services after they have been obtained upon a finding that "timely procurement of necessary services could not wait prior authorization." 18 U.S.C.A. § 3006A(e)(2)(B). The undersigned Magistrate Judge may approve expenses up to $1,600 per provider without approval from the circuit court. 18 U.S.C.A. 3006A(e)(3). Based on the representation of Counsel and because the Court finds the requested services are necessary for the adequate representation of the defendant, the Motion to Expand Fund for an Investigation, is granted.

### Motion to Determine Case is Complex and Extended

The defendant has also moved to have the case deemed "complex and extensive" so that counsel "may seek funding for necessary discovery and because the case involves an extraordinary amount of factual information and discovery." Counsel requests that the Court authorize "[c]ounsel to exceed the fee cap set out for CJA attorneys in such matters" (filing no. 81).

The Court assumes that Counsel is requesting payment in excess of the statutory maximum because the case is "extended or complex" as provided in 18 U.S.C.A. §3006A(d)(3). Authorization may only be given if the Magistrate Judge "certifies that the

---

[1] Counsel seeks approval of approximately $867.00 in fees incurred due by a licensed private investigator, as well as, the additional $600.00 in estimated fees Counsel believes are necessary to complete the investigation.

amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." Id.  Paragraph 2.22(C)(2) of the Guidelines for the Administration of the Criminal Justice Act (CJA Guidelines), Volume VII, Guide to Judiciary Policies and Procedures, provides:

> In any case in which total compensation claimed in excess of the statutory case compensation maximum, counsel shall submit with the voucher a detailed memorandum supporting and justifying counsel's claim that the representation given was in an extended and complex case, and that the excess payment is necessary to provide just compensation.

Counsel has not submitted a detailed memorandum providing support for his claim that the case is "extended or complex." That is not to say that such facts do not exist, however defendant's motion (filing no. 81 ), brief in support of the motion (filing no. 82) and index of evidence (filing no. 118 ) focus primarily on Counsel's need for the requested expenditures and do not discuss the factual basis for a claim that the case is "complex" or "extended" for the purposes of 18 U.S.C.A. § 3006A(d)(3).  Therefore, the motion requesting a finding that the case is "extended or complex" for the purposes of Counsel's request to exceed the maximum fee cap is denied. However, Counsel is granted leave to renew his request and provide a detailed memorandum supporting his claim.

IT IS ORDERED:

1) The previously incurred expenditures of $867 for payment of a licensed private investigator are approved. Counsel is further authorized to expend up to $600.00 of additional funds for the licensed private investigator to continue the investigation regarding the whereabouts of the defendant during the time period at issue in the indictment.

2) Counsel is authorized to expend the necessary funds to obtain or pay for a copy of the trial transcript of the trials in cases 4:09cr3091 and 4:09cr3092,

provided the total cost of such transcripts does not exceed $500.00. If the cost exceeds $500.00, defense counsel shall submit a copy of the cost estimates for further consideration by the court.

3) Counsel is authorized to expend up to $300.00 for temporary clerical assistance in organizing the transcripts, proffers, and investigative reports accumulated in this case.

4) The motion to have the case deemed complex and extended for the purposes of exceeding the fee cap is denied, without prejudice to resubmitting the request with the required memorandum of support.

DATED this 16th day of April, 2010.

         BY THE COURT:

         *S/ Cheryl R. Zwart*
         United States Magistrate Judge